NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MD NURUL AFSUR, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

RIYA CHUTNEY MANOR LLC,
d/b/a CHUTNEY MANOR REST. and
DAXESH PATEL

    Defendants.

Civil Action No. 12-03832 (JAP)

**OPINION**

---

PISANO, District Judge.

This is an action brought by Plaintiff MD Nurul Afsur ("Plaintiff" or "Afsur") against Defendants Riya Chutney Manor LLC d/b/a Chutney Manor Restaurant and Daxesh Patel (collectively, "Defendants"). Plaintiff's Complaint alleges that Defendants violated the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New Jersey State Wage and Hour Law, by failing to pay Plaintiff (and others similarly situated) the prevailing minimum wage and overtime required by law. Presently the Court is Plaintiff's Motion for Conditional Collective Certification (dkt. entry no. 13). Defendants do not oppose the motion. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion shall be granted.

## I.    Background

Plaintiff alleges that he was employed by Defendants as a waiter and food runner for Defendant Chutney Mary Restaurant from 2007 to 2012. During that time, Plaintiff claims that

he regularly worked more than forty (40) hours a week, but was paid on a fixed salary basis at $175 per week. He alleges that he did not receive overtime pay as required by the FLSA and New Jersey State Wage and Hour Law. Nor did he receive the minimum wage established by these statutes. On June 22, 2012, Plaintiff commenced this action.

Although a class has not yet been certified, Plaintiff purports to bring this case on behalf of himself and others similarly situated. On April 19, 2013, Plaintiff filed the instant Motion, which seeks conditional certification of the case as a representative collective action, pursuant to FLSA, 29 U.S.C. § 216(b). Plaintiff also seeks Court approval of a proposed FLSA opt-in notice, as well as discovery regarding potential class members. Defendants do not oppose any of the relief sought.

**II.    Discussion**

   A. Conditional Certification

The FLSA was designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). Under the FLSA, employers must pay non-exempt employees a minimum hourly wage, as well as overtime for "employment in excess of [40 hours per week] at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. §§ 206, 207(a)(1).[1]

Section 216(b) of the FLSA provides in part that:

> An action. . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

---

[1] The New Jersey State Wage and Hour Law, N.J. Stat. Ann. 34:11-56a *et seq.*, contains similar minimum wage and overtime requirements. *See* N.J. Stat. Ann. 34:11-56a4.

29 U.S.C. § 216 (b). Pursuant to this section, potential plaintiffs who wish to be bound by and benefit from the judgment must "opt in" to a collective action. *Manning v. Gold Belt Falcon, LLC*, 817 F. Supp. 2d 451, 453-54 (D.N.J. 2011). In addition, a district court may permit an opt-in notice to be sent to potential plaintiffs. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-70, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).

In determining whether a suit should proceed as a collective action under the FLSA, courts employ a two stage analysis. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011). During the first stage, the court "makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Id*. at 192.[2] The court does not consider the merits of the dispute at this time, and the plaintiff must only demonstrate that the potential class members' "positions are similar, not identical," to his own. *Steinberg v. TD Bank, N.A.*, 2012 U.S. Dist. LEXIS 89086, *12 (D.N.J. 2012) (internal citations omitted).[3] "If the plaintiff carries her burden at this threshold stage, the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery." *Symczyk*, 656 F.3d at 192.

As to this threshold stage ("Stage One"), the Third Circuit has adopted a "modest factual showing" standard. *Id*. at 192-93. "Under the 'modest factual showing' standard, a plaintiff

---

[2] The term "similarly situated" is not defined in the FLSA. *Kronick v. Bebe Stores, Inc.*, 2008 U.S. Dist. LEXIS 78502, at *3 (D.N.J. 2008). The Third Circuit has noted, however, that, while "[n]either FLSA nor the ADEA define the term 'similarly situated,'" a representative, but not exhaustive, list of relevant factors to consider includes "whether the plaintiffs are employed in the same corporate department, division and location; advanced similar claims []; sought substantially the same form of relief; and had similar salaries and circumstances of employment." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 388 n.17 (3d Cir. 2007).

[3] The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action under § 216(b), and thus, "no showing of numerosity, typicality, commonality and representativeness need be made" as a pre-requisite to approval. *See, e.g., Foster v. Food Emporium*, 2000 U.S. Dist. LEXIS 6053, at *3 (S.D.N.Y. 2000).

must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id*. (citation omitted). At Stage One, the court "usually has only minimal evidence before it." *Zavala v. Wal-Mart Stores, Inc.*, 2010 U.S. Dist. LEXIS 63530, at *5 (D.N.J. 2010), aff'd *sub nom.*, *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012). The determination, moreover, "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id*. (citations omitted).

Then, after discovery, "and with the benefit of 'a much thicker record than it had at the notice stage,' a court following this approach makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Symczyk*, 656 F.3d at 193 (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)). The second stage is "less lenient," and the plaintiff there "bears a heavier burden." *Id*. If the court determines the opt-in plaintiffs are similarly situated, then the case may proceed to trial as a collective action. *Manning v. Gold Belt Falcon, LLC*, 2010 U.S. Dist. LEXIS 104029, at *5 (D.N.J. 2010). If the court determines that the plaintiffs are not similarly situated, however, then the class will be decertified or split into subclasses. *Id*.

Based on the current record, the Court finds this case should be conditionally certified. To establish that collective action members are similarly situated at this stage of the case, plaintiffs merely need to show "a modest factual nexus between their situation and that of the proposed class members." *White v. Rick Bus Co.*, 743 F. Supp. 2d 380, 387 (D.N.J. 2010). This means that plaintiffs "must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's [i.e., Defendant's] alleged policy affected [them] and the manner in which it affected other employees." *Symczyk*, 665 F.3d at 193 (internal

quotations omitted). Here, Plaintiff has shown that he is similarly situated to the putative class because, as it pertains to the key issues involved in this case, Plaintiff and all members of the putative class were subject to the same employment practices. The members of the putative class members are other employees of Defendants that performed the same type of work as Plaintiff did and were compensated in a similar fashion. Accordingly, Plaintiff has demonstrated that he is similarly situated to other class members and the case shall be conditionally certified.

    B. Notice

As to notice, the Court finds the content of Plaintiff's proposed Notice of Pendency of FLSA Lawsuit Form and Consent to Sue Form to be adequate. With respect to the notice period, courts generally find 30-60 days is sufficient. *See Steinberg*, 2012 U.S. Dist. LEXIS 89086, at *28-29 (citing cases). Although Plaintiff requests 120 days from the date of mailing, the Court finds that a 60-day opt-in period is appropriate here. Plaintiff has presented no persuasive reason why a longer time period is necessary or appropriate.

Finally, Plaintiff asks the Court to order Defendants to provide the names, addresses, phone numbers, dates of employment, and social security numbers of putative class members, *i.e.*, all tipped and non-exempt employees who were employed by Defendants in the three years prior to the date of the Court's Order. Although Defendants do not object, "[c]ourts generally release social security numbers only after notification via first class mail proves insufficient." *Bredbenner v. Liberty Travel*, 2009 U.S. Dist. LEXIS 67122, at *10 n.3. Thus, the Court will grant Plaintiff's request that Defendants produce the names, addresses, phone numbers, and dates of employment of the putative class members. The Court denies without prejudice Plaintiff's request that Defendants produce the social security numbers of such class members.[4]

---

[4] Plaintiff may revisit this issue with the Court if notice via his first attempt at first class mail is ineffective.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Conditional Collective Certification will be granted. An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: July 10, 2013